

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00351-CV

## IN THE ESTATE OF GLORIA ANN REISTINO

**From the 82nd District Court
Robertson County, Texas
Trial Court No. 78-10-11,729-CV**

## CONCURRING OPINION

The meaning of the phrase in question is not as complicated as the Opinion would indicate. The relevant phrase is ". . . shall then vest in those of my nieces and nephews who shall be living on the date of death of my said daughter, per capita, . . . ." The Court puts little emphasis on the survivorship requirement and does not mention the term "per capita" at all.

The trial court construed the will to mean that the descendents of a niece or nephew who had predeceased his daughter would take their parent's share. This interpretation violated both the survivorship requirement and the provision for a per capita distribution. If by some construction the descendents of a niece or nephew were included as a beneficiary, the provision for a per capita distribution would, necessarily, mean they each received an equal portion of the whole, not just their parent's portion.

By the language used, the testator created a class gift to nieces and nephews with a requirement that to be a beneficiary they must survive the daughter and, if they did survive, they would share equally upon distribution of the trust. If the testator wanted to include the descendents of the nieces and nephews if they had not survived the daughter, he would clearly not have included the survivorship requirement. And, if he further wanted to have the descendents of a deceased niece or nephew take only their parent's share, the testator could have used the phrase "per capita with representation," or, the phrase more commonly used in wills and trust to accomplish the appellees's desired construction, per stirpes. *See* BLACKS LAW DICTIONARY 1260 (9th ed. 2009).

With these comments, I concur in the judgment to the extent it holds that the descendents of the nieces and nephews who did not survive his daughter were not beneficiaries of the testamentary trust, and the assessment of cost of this appeal against the appellees only; otherwise, I do not join the opinion or judgment of the Court.

TOM GRAY
Chief Justice

Concurring opinion delivered and filed December 1, 2010